### DOUCET vs. BROUSSARD & AL.

APPEAL from the court of the fifth district.

*It is not essential that a parish judge should state in an act that he is ex-officio notary public.*

*In a donation to one of the spouses, in a contract of marriage, the posterity of the donee, not proceeding from the marriage, can not take*

*That person is to take as heir, who is such at the opening of the succession.*

PORTER, J. delivered the opinion of the court. This case presents no questions of fact; those of law which arise on it, grow out of the clauses contained in an act passed between the father of the plaintiff, and his step-mother Francoise Martin, both of whom are now deceased.

Previous to their marriage, they made, by public act, an agreement, in which it is stated, "that Francoise Martin, out of good love and affection to Jean Pierre Doucet, inhabitant of the Parish of St. Landry, acknowledges and declares, by these presents, to make a full and entire donation of the whole of her property moveable and immoveable, unto the said Jean Pierre Doucet, to hold the said property, and every part thereof, after her decease, to his only proper use and behoof. However, in case

the said Jean Pierre Doucet should depart this life before the donor, she acknowledges and declares, by these presents, and it is her wish and intention, that this donation should have its full force and effect in favor of Pierre Doucet, the son of the aforesaid Jean Pierre Doucet."

Western Dis't
Sept, 1827.

DOUCET
vs.
BROUSSARD
& AL.

After making some exceptions in favor of her heirs, and of one Ursin Broussard, who is also a party to this suit, the act proceeds to state, "the conditions of this donation are such, that whereas, the said Francoise Martin is about entering into the bonds of marriage— now, if by this marriage she should have any children, then the present donation, and every thing therein contained, shall be null and void, for her intention is not to deprive her children of her inheritance, or any part thereof."

The marriage contemplated at the time the act was entered into took place, and terminated by the death of the husband, Jean Pierre Doucet, without any children having proceeded from it. Sometime after its dissolution, Francoise Martin intermarried with one Joseph Savois, and the marriage was dissolved by her death. Previous to her decease, she made a disposition of her property by last will

WesternDis't
Sept, 1827,

DOUCET
vs.
BROUSSARD
& AL.
and testament, in which she gave to her hus-
band the use and enjoyment of her estate du-
ring his life, and, at his decease, directed, that
after certain legacies were satisfied, which
need not be stated in detail, the rest of her
property should go to such of her heirs as were
capable of inheriting from her.

At her decease she left a sister, who was
married to one Francois Breaud: by their
marriage contract it was provided, that in case
he survived her, he should be entitled to the
whole of her estate; this sister died previous
to the death of Savois, the husband.

The parties before the court are, first, the
plaintiff, Doucet, who, in virtue of the stipu-
lations entered into by the marriage contract
with his father, claims the whole of the estate:
the executor and legatees of the will, who in-
sist on its validity, and contend that the dona-
tion to the plaintiff was null and void: and
lastly, Francoise Breaud, and the more remote
collateral relations of the testatrix, who con-
test the right to the residuary portions given by
the will to her legal heirs. Breaud's claim is
in the right of his wife, who, he avers, was the
nearest relation at the time the succession was

opened. His adversaries reply, that it was not
the nearest relation at the time of the testatrix's decease the property was bequeathed to, but
the most capable of inheriting at the death of
Savois; and that the sister having died without issue before him, the property belongs to them.

The first question for our decision is presented by a bill of exceptions. The plaintiff on the trial, offered in support of his claim, the act which has been already set out, and its reception in evidence was objected to, because it purported to be made before the parish judge, without any statement in the instrument that he was *ex-officio* notary public. The judge of the first instance overruled this objection, and we are of opinion, correctly. It is one of the most technical kind, relying for support on *the letter that killeth*, rather than *the spirit that giveth life;* and it cannot be sustained even by the principles on which it was advocated. The law having expressly made the parish judge *ex-officio* notary public, the latter appellation makes no part of his style of office. It is attached to, and follows that of judge, when acting in a notarial capacity, and

Western Dist consequently, there was no necessity for setting
 *Sept,* 1827.
~~~~~~~  it out in the act.

Doucet
  *vs.*          The second, and by far the most important
Broussard question in the cause, arises out of the instru-
  & AL.
ment passed between the father of the plain-
tiff, and Francoise Martin.  The validity of
the donation thus made. depends on the true
and proper construction which several textual
provisions of our law should receive.

The 211th article of the old code, under
which the agreement was made, provides, that
"fathers and mothers, the other ascendants,
the collateral relations of either of the spouses,
and even strangers, may give the whole, or a
part of the property, they shall leave on the
day of their decease, both for the benefit of
said spouses, and for that of the children to
be born of their marriage, in case the donor
survives the spouse donee."

"Such a donation, though made for the ben-
efit of the spouses, or of one of them, is al-
ways in the aforesaid case of the survivorship
of the donor, presumed to be made *for the
benefit of the children or descendants,* to
proceed from that marriage."

The 217th article of the same work de-
clares, that "donations made to one of the

spouses on the terms of the articles 214 and
213, fall, if the donor survives the donee, and
*his or her posterity.*

These articles are taken verbatim from the 1082d and 1089th articles of the Napoleon Code, and a good deal of research has been exhibited to shew what construction these provisions have received in the country from which we received them. The weight of authority appears to us decidedly in favor of the ground assumed by the defendants. There are some writers, it is true, who think differently, but on the other side are found the greater number, and among them, those names which have rendered the modern jurisprudence of France, familiar to foreign nations. *Paillette on the* 1089*th art. of Nap. Code*; *Merlin Rep. de juris. verbo, institution contractuelle, s.* 12, *No.* 9; *Toullier, vol.* 5, *lib.* 3, *tit.* 2, *cap* 8, *No.* 842; *Grenier, vol.* 2, 29.

It is true as has been urged by the counsel for the plaintiff, that the expressions in the 217th article, *his or her posterity* authorise an interpretation, which would enable the children of the donee to take, although they might not proceed from the marriage; and it is true, there is no such provision in the Napoleon

Western Dist
*Sept*, 1827.

Doucet
*vs.*

Broussard
& al.
code, as that found in ours, that where the law is clear and free from all ambiguity, the letter must not be disregarded, on pretence of pursuing its spirit. But it is precisely because we feel that it is not clear and free from all ambiguity, that we are obliged to look beyond the mere literal import of the terms used in it. If each article of our code was construed singly, without reference to others which treat of the same subject, we would have the legislature in many cases, doing what they are never presumed to do, that is, enacting contrary provisions on the same subject matter.

The two articles of our code already cited when brought in juxta position, satisfy us that the jurists of France have wisely interpreted them. The first declares, that donations of this kind are always presumed to be made for the benefit of the children of the marriage. This declaration is wholly irreconcileable with the idea, that on failure of children of the marriage, they are to benefit the children of the donee by a former one. Such construction would make the 211th article of no force. But by limiting the word *posterity* to the offspring of the marriage, both are left with effect; the 217th, it is true, somewhat restricted, but this is

preferable to making a dead letter of the other.

Western Dis.
*Sept* 1827.

This view of the subject disposes of the question raised by the express gift made to the plaintiff, considering him as a stranger, and incapable of being benefitted by the contract entered into, in relation to the marriage; then the donation can be considered in no other light but as one *mortis causa*, and it wants the formalities necessary to give it effect as such.   One of the principal reasons given by the jurists of France for construing the word *posterity* in a restricted sense is, that the donor could not give to the children of a former marriage by name, and that it would be permitting that to be done indirectly, which could not be done directly, to allow them to take as children of the donee.  *See Pailette: Merlin, loco citato.*

DOUCET
*vs.*
BROUSSARD
& AL.

As to the question raised between Breaux, representing the rights of his deceased wife, and the more distant collateral relations, it has not created the slightest difficulty in our minds: it is most clearly the nearest heir at the time of opening the succession that the bequest is made to, not those who should become so af-the death of her husband.

It is therefore ordered, adjudged and de-

creed, that the judgment of the district court be affirmed with costs.

*Brownson* for the plaintiff, *Simon, Bowen & Markham* for the defendants.